**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-12-0420 EMC |
| Plaintiff, | |
| v. | **ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS** |
| KARIM ISKANDER BAYYOUK, | |
| Defendant. | |

The parties submitted stipulations regarding jury instructions on July 29, 2013.  Docket No. 83.  The parties also submitted separate filings regarding one disputed jury instruction.  Docket Nos. 76, 88.  The Court has considered the views of the partes and proposes the following jury instructions.  The parties are directed to file any objections by **5:00 p.m**, August 13, 2013.

IT IS SO ORDERED.

Dated:  August 7, 2013

_____
EDWARD M. CHEN
United States District Judge

**[PRELIMINARY INSTRUCTIONS]**

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

Comment:  Ninth Circuit Model Jury Instruction 1.1.

**JURY INSTRUCTION NO. 2**

**THE CHARGE – PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government.  The government charges the defendant with one count of obstruction of justice.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Comment:  Ninth Circuit Model Jury Instruction 1.2.

**JURY INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**


The evidence you are to consider in deciding what the facts are consists of:


(1)     the sworn testimony of any witness; and

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.


Comment:  Ninth Circuit Model Jury Instruction 1.3.

**United States District Court**
For the Northern District of California

4

**JURY INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

    (1)     statements and arguments of the attorneys;

    (2)     questions and objections of the attorneys;

    (3)     testimony that I instruct you to disregard; and

    (4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Comment:  Ninth Circuit Model Jury Instruction 1.4.

# JURY INSTRUCTION NO. 5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Comment:  Ninth Circuit Model Jury Instruction 1.5.

**JURY INSTRUCTION NO. 6**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Comment:  Ninth Circuit Model Jury Instruction 1.6.

**JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Comment:  Ninth Circuit Model Jury Instruction 1.7.

United States District Court

For the Northern District of California

8

**JURY INSTRUCTION NO. 8**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen

to any news or media accounts or commentary about the case or
anything to do with it; do not do any research, such as consulting
dictionaries, searching the Internet or using other reference materials;
and do not make any investigation or in any other way try to learn
about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Comment:  Ninth Circuit Model Jury Instruction 1.8.

**United States District Court**
For the Northern District of California

10

**JURY INSTRUCTION 8B**

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Comment:  Ninth Circuit Model Jury Instruction 1.9.

**United States District Court**
For the Northern District of California

11

**JURY INSTRUCTION NO. 9**

**TAKING NOTES**


If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the envelope in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.


Comment:  Ninth Circuit Model Jury Instruction 1.10.

**JURY INSTRUCTION NO. 10**

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Comment:  Ninth Circuit Model Jury Instruction 1.11.

**[INSTRUCTIONS IN THE COURSE OF TRIAL]**

**JURY INSTRUCTION NO. 11**

**CAUTIONARY INSTRUCTION – FIRST RECESS**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my Courtroom Deputy Clerk Betty Lee to give to me.

Comment:  Ninth Circuit Model Jury Instruction 2.1.

**JURY INSTRUCTION NO. 12**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

Comment:  Ninth Circuit Model Jury Instruction 2.2.

**United States District Court**
For the Northern District of California

15

**JURY INSTRUCTION NO. 13**

**STIPULATIONS OF FACT**


The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.


Comment:  Ninth Circuit Model Jury Instruction 2.4.

**[INSTRUCTIONS AT THE CLOSE OF EVIDENCE]**

**JURY INSTRUCTION NO. 15**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Comment:  Ninth Circuit Jury Instruction 3.1.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 16**

**CHARGE AGAINST DEFENDANT**

**NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Comment:  Ninth Circuit Model Jury Instruction 3.2.

**JURY INSTRUCTION NO. 17**

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

**-OR-**

**JURY INSTRUCTION NO. 18**

**DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Comment:  Ninth Circuit Model Jury Instructions 3.3 and 3.4.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 19**

**REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Comment:  Ninth Circuit Model Jury Instruction 3.5.

**JURY INSTRUCTION NO. 20**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

Comment:  Ninth Circuit Model Jury Instruction 3.6.

**JURY INSTRUCTION NO. 21**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Comment:  Ninth Circuit Model Jury Instruction 3.7.

**JURY INSTRUCTION NO. 22**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Comment:  Ninth Circuit Model Jury Instruction 3.8.

**JURY INSTRUCTION NO. 23**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the witness's opportunity and ability to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Comment:  Ninth Circuit Model Jury Instruction 3.9.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 24**

**STATEMENTS BY DEFENDANT**


You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.


Comment:  Ninth Circuit Model Jury Instruction 4.1.

**JURY INSTRUCTION NO. 25**

**TESTIMONY OF WITNESSES INVOLVING**

**SPECIAL CIRCUMSTANCES:  IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from Maher Kara and Mounir ("Michael") Kara, witnesses who pleaded guilty to a crime arising out of the same events for which the defendant is on trial and hope to receive a benefit from the government in the form of a recommendation for a reduced sentence in connection with this case.  The guilty pleas are not evidence against the defendant, and you may consider them only in determining these witness' believability.

You also have heard testimony from Joseph Azar and Nasser Mardini, witnesses who admitted to engaging in criminal conduct and entered into Deferred Prosecution Agreements with the government.  That testimony was given in exchange for a promise by the government that the witness will not be prosecuted absent a material and knowing breach of the Deferred Prosecution Agreement.  The Deferred Prosecution Agreements are not evidence against the defendant, and you may consider them only in determining these witness' believability.

For these reasons, in evaluating the testimony of Maher Kara, Mounir ("Michael") Kara, Joseph Azar, and Nasser Mardini, you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of Maher Kara, Mounir ("Michael") Kara, Joseph Azar, and Nasser Mardini, with greater caution than that of other witnesses.

Comment:  Ninth Circuit Model Jury Instruction 4.9.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 26**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Comment:  Ninth Circuit Model Jury Instruction 4.16.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

# JURY INSTRUCTION NO. 27

## COUNT ONE

## OBSTRUCTION OF AGENCY PROCEEDINGS – ELEMENTS

The defendant, Karim Bayyouk, is charged in Count One of the indictment with obstruction of an agency proceeding in violation of Section 1505 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about May 31, 2007, a proceeding was pending before an agency of the United States;

Second, the defendant knew that a proceeding was pending before an agency of the United States; and

Third, the defendant corruptly endeavored to influence, obstruct, or impede the due and proper administration of the law under which the proceeding was being conducted.

Comment:  *United States v. Quattrone*, 441 F.3d 153, 174-75 & 177 n.24 (2d Cir. 2006) (describing elements and instruction); *United States v. Bhagat*, 436 F.3d 1140, 1147 (9th Cir. 2006); 2 HON. LEONARD SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL ¶ 46.02, at 46-37 to 46-41 (2011); *United States v. Laurins*, 857 F.2d 529, 537-36 (9th Cir. 1988); *United States v. Price*, 951 F.2d 1028, 1031 (9th Cir. 1991).  That statute provides:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress

18 U.S.C. § 1505.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 28**

**COUNT ONE**

**OBSTRUCTION OF AGENCY PROCEEDINGS – FIRST ELEMENT**

The first element the government must prove beyond a reasonable doubt is that on or about May 31, 2007, a proceeding was pending before an agency of the United States.  In this regard, you are instructed that the Securities and Exchange Commission ("SEC") is an agency of the United States and that a proceeding includes an SEC investigation.

Comment:  2 HON. LEONARD SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL ¶ 46.02, at 46-39 (2011).

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 29**

**COUNT ONE**

**OBSTRUCTION OF AGENCY PROCEEDINGS – SECOND ELEMENT**

The second element the government must prove beyond a reasonable doubt is that the defendant knew that the administrative proceeding was in progress.  In order to satisfy this element, you need only determine that the defendant knew at or about the date charged that the SEC was conducting an investigation.

Comment:  2 HON. LEONARD SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL ¶ 46.02, at 46-40 (2011); *United States v. Bhagat*, 436 F.3d 1140, 1147 (9th Cir. 2006); *United States v. Laurins*, 857 F.2d 529, 537-36 (9th Cir. 1988); *United States v. Price*, 951 F.2d 1028, 1031 (9th Cir. 1991).

United States District Court

For the Northern District of California

# JURY INSTRUCTION NO. 30

## COUNT ONE

## OBSTRUCTION OF AGENCY PROCEEDINGS – THIRD ELEMENT

The third element the government must prove beyond a reasonable doubt is that the defendant did corruptly obstruct or impede, or endeavor to obstruct or impede the proceeding.

Corruptly means with the purpose to obstruct justice.

Success of the endeavor is not an element of the crime.  The term endeavor is designed to reach all conduct which is aimed at influencing, intimidating, and impeding the proceedings.  Thus it is sufficient to satisfy this element if you find that the defendant made any effort or did any act for the purpose of obstructing or impeding the proceeding.

Comment:  2 HON. LEONARD SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL ¶ 46.02, at 46-41 (2011); *United States v. Bhagat*, 436 F.3d 1140, 1147 (9th Cir. 2006).  A defendant who endeavors to obstruct, even if unsuccessful in that obstructive act, may still be convicted of obstruction of justice under 18 U.S.C. § 1505.  *United States v. Vixie*, 532 F.2d 1277, 1278 (9th Cir. 1976).  "Corruptly" under § 1505 means that the defendant acted with the purpose of obstructing justice.  *United States v. Laurins*, 857 F.2d 529, 537-36 (9th Cir. 1988); *United States v. Price*, 951 F.2d 1028, 1031 (9th Cir. 1991) ("The requisite intent to violate section 1505 . . . is merely that the defendant must have acted corruptly, i.e., that the act must be done with the purpose of obstructing justice." (internal quotation omitted)).

**JURY INSTRUCTION NO. 31**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Comment: Ninth Circuit Model Jury Instruction 7.1.

**JURY INSTRUCTION NO. 32**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Comment:  Ninth Circuit Model Jury Instruction 7.2.

**JURY INSTRUCTION NO. 33**

**USE OF NOTES**


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


Comment:  Ninth Circuit Model Jury Instruction 7.3.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 34**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Comment:  Ninth Circuit Model Jury Instruction 7.4.

**JURY INSTRUCTION NO. 35**

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the deputy courtroom clerk that you are ready to return to the courtroom.

Comment:  Ninth Circuit Model Jury Instruction 7.5.

**JURY INSTRUCTION NO. 36**

**COMMUNICATION WITH COURT**


If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Clerk Betty Lee, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question  submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.


Comment:  Ninth Circuit Model Jury Instruction 7.6.

**United States District Court**
For the Northern District of California

# DEFENDANT'S PROPOSED JURY INSTRUCTION
## SPECIFIC ISSUE UNANIMITY

In order for the defendant to be found guilty of obstruction of justice under section 1503 [sic], you must all agree that one or more of the following statements [were false and that they] obstructed, influenced, or impeded the due administration of justice, or was made for the purpose of obstructing, influencing or impeding the administration of justice. All of you must agree as to which statement or statements so qualify:

1.   Defendant's statement that he did not discuss Biosite with anyone before he made the relevant trades; and

2.   Defendant's statement that he did not know Maher Kara.

Comment: Defendant offers no authority for this instruction. The government opposes this instruction for two reasons, and argues that it should be omitted.

First, the government argues that a conviction under 18 U.S.C. § 1505 does not require proof that any statement was false, as there are other ways of establishing that Defendant "corruptly endeavored to influence, obstruct, or impede the due and proper administration." *See* Instruction No. 27 (third element). Section 1505 provides penalties for:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress.

18 U.S.C. § 1505. A related statutory provision defines "corruptly" as "acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information." 18 U.S.C. § 1515(b). This statutory language indicates that while false statements may be one way of violating §

39

United States District Court

For the Northern District of California

1505, they are not the only way.  Consistent with this, courts interpreting § 1505 have recognized

that proof of a false statement is not necessarily required under the section.  *United States v.*

*Safavian*, 528 F.3d 957, 968 (D.C. Cir. 2008) ("Even a literally true statement may be misleading

and so, . . . literal truth may not be a complete defense to obstruction."); *United States v. Browning*,

630 F.2d 694, 699 (10th Cir. 1980) ("The ultimate question in the case at bar is not whether the

defendant told the truth but whether the defendant obstructed or interfered with the process of

truthfinding in an investigation in the process of enforcing the law.").  The government is thus

correct that it need not prove that Defendant made a false statement in order to establish a violation

of § 1505.

Second, the government argues that the jury need not all agree on the statement or act that

they conclude attempted to influence, obstruct, or impede the SEC investigation.  The Supreme

Court has recognized that unanimity is not required for all factual issues:

> We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone.  In these cases, as in litigation generally, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict."

*Schad v. Arizona*, 501 U.S. 624, 631-32 (1991) (quoting *McKoy v. North Carolina*, 494 U.S. 433,

449 (1990) (BLACKMUN, J., concurring)).  Thus,

> a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime. . . .  Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun.  But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force.

*Richardson v. United States*, 526 U.S. 813, 817 (1999).

Applying this rule, the Ninth Circuit has found that a jury considering attempt charges need

not be instructed that the must agree on which specific acts constituted a "substantial step" towards

**United States District Court**
For the Northern District of California

1   committing the crime.  *United States v. Hofus*, 598 F.3d 1171, 1175-76 (9th Cir. 2010).  Similarly, a

2   unanimity instruction was not required for charges of making a false statement in a passport

3   application as to which specific statements in the application were false.  *United States v.*

4   *McCormick*, 72 F.3d 1404, 1409 (9th Cir. 1995).  Nor was one required to instruct jurors that they

5   had to agree on which particular promise made by a mail fraud defendant was false.  *United States v.*

6   *Lyons*, 472 F.3d 1055, 1068-69 (9th Cir. 2007) (rejecting argument that conviction was improper

7   where "some jurors may have decided to convict because Handicapped Youth Services did not

8   provide wheelchairs to handicapped children as pamphlets promised, while other jurors may have

9   convicted because the AIDS Research Association failed to provide any funds to hospitals or AIDS

10   patients").

11       Given the close factual analogy between this case – where jurors could conclude that

12   different statements made in the course of a single interview constituted obstruction of justice – and

13   *McCormick* and *Lyons*, this Court finds that a unanimity instruction is not proper, and declines to

14   give the instruction.