**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10271 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00420-EMC-1 |
| v. | MEMORANDUM[*] |
| KARIM ISKANDER BAYYOUK, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted June 9, 2015
San Francisco, California

Before: CHRISTEN and WATFORD, Circuit Judges, and RAKOFF, Senior District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Defendant-Appellant Karim Iskander Bayyouk appeals his conviction for obstruction of agency proceedings in violation of 18 U.S.C. § 1505. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Bayyouk was convicted on the basis of false statements that he made during a recorded telephone interview with attorneys from the Securities and Exchange Commission ("SEC"), who were investigating an insider-trading scheme implicating Bayyouk and members of his extended family. Bayyouk asserts that the district court erred by refusing to instruct the jury that it must unanimously agree on which specific statement or statements made during the twenty-nine minute interview constituted obstruction.[1] We review a district court's refusal to give such a "specific unanimity instruction" for abuse of discretion. *See United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999).

Although the jury's verdict must be unanimous in order to convict, "there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *Schad v. Arizona*, 501 U.S. 624, 632 (1991) (plurality opinion) (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)) (internal quotation marks omitted). In other words, "a

---

[1] Bayyouk never took the obvious pre-trial step of seeking formal clarification through a bill of particulars of which particular statements the Government was relying on.

federal jury need not always decide unanimously ... which of several possible means the defendant used to commit an element of the crime." *Richardson v. United States*, 526 U.S. 813, 817 (1999). Nonetheless, a specific unanimity instruction should be given "if there is 'a genuine possibility of jury confusion' or if 'a conviction may occur as the result of different jurors concluding that the defendant committed different acts.'" *United States v. Ruiz*, 710 F.3d 1077, 1081 (9th Cir. 2013) (quoting *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989)).

Neither of these circumstances exists here. The jury did not indicate that it was confused, nor was the indictment broad or ambiguous, nor was the evidence particularly complex. *See Anguiano*, 873 F.2d at 1319-21. To the contrary, Bayyouk was convicted of a single, straightforward count, on the basis of a single course of conduct spanning a short period of time. Any possibility of juror confusion was at best remote.

Furthermore, the possibility that the jurors could have agreed that Bayyouk committed obstruction while failing to agree on which specific statement or statements constituted such obstruction does not require reversal. Our cases make clear that, under circumstances such as these, "consensus by the jury on a particular false statement is not required." *United States v. McCormick*, 72 F.3d

1404, 1409 (9th Cir. 1995); *see also United States v. Lyons*, 472 F.3d 1055, 1068 (9th Cir. 2007) (holding that "the jury need not be unanimous on the particular false promise"). Any potential disagreements among the jury members regarding the particular false statement by which Bayyouk obstructed the SEC investigation are merely differences of means, and therefore do not violate his right to a unanimous jury verdict. *See Schad*, 501 U.S. at 631; *Richardson*, 526 U.S. at 817; *United States v. Gonzalez*, No. 13-50348, 2015 WL 2215956, at *4 (9th Cir. May 13, 2015); *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010); *United States v. Kim*, 196 F.3d 1079, 1083 (9th Cir. 1999). Accordingly, the district court did not abuse its discretion by refusing to give a specific unanimity instruction.

**AFFIRMED.**